[No. 8,107.  Department Two. — May 27, 1884.]

# JOHN E. CORREIO, RESPONDENT, v. PETER LYNCH, APPELLANT.

SALE—IMPLIED WARRANTY. — Fire wood is not a manufactured article, within the meaning of section 1770, of the Civil Code, and a vendor does not warrant, by its sale, that it is reasonably fit for the purpose for which ordered or intended to be used.

ID. — ACCEPTANCE BY VENDEE. — Where wood has been sold and delivered upon the premises of the vendee, under an agreement that it shall be optional with him to accept or refuse it, and he afterwards uses the wood, he will be deemed to have accepted it, and cannot avoid payment of its value.

APPEAL from a judgment of the Superior Court of the county of Marin, and from an order refusing a new trial.

The complaint was in assumpsit for the price and value of goods sold and delivered. The answer contained two defenses : First, a general denial. Secondly, averments that the plaintiff agreed to sell and deliver at defendant's brick yard a "lot of wood proper and suitable for the purpose of properly and suc- cessfully burning his (defendant's) bricks," etc. That the wood was wet and soaky, and of inferior quality, and unfit for the required purpose; that in consequence more wood was used than if it had been of the quality contracted for, and injury resulted from the imperfect burning of bricks; that the wood was many miles away from the brick yard, and, before delivery, was inaccessible to examination by the defendant; that the defend-

ant ordered the wood for that particular purpose, and plaintiff agreed to supply him with proper and suitable wood, and that defendant had suffered damages by his failure, in the sum of fifteen hundred dollars.    He asked judgment against the plaintiff for that sum.

Verdict for the plaintiff for the value of the wood.

The other facts appear in the opinion of the court.

*Charles F. Hanlon*, for Appellant.

*Joseph Kirk*, for Respondent.

Sharpstein, J. — The action being for the price and value of wood, defendant, under the general denial, might have shown that the wood was not of the value alleged in the complaint. He aimed, however, at something beyond that, and attempted to establish a case which would entitle him to "a fair compensation for the loss incurred by an effort in good faith to use it," for the purpose of burning bricks in a kiln, on the ground that plaintiff warranted the fitness of said wood for that particular purpose.    (Civ. Code, § 3314.)    There is no allegation in the counter-claim of an *express* warranty to that effect.    And it is only where an article is manufactured "*under an order for a particular purpose*," that the manufacturer, "*by the sale*," warrants that it is reasonably fit for that purpose."    (Civ. Code, §§ 1764, 1770.)

Fire wood is not, in our opinion, a manufactured article, within the meaning of the Code. No more so than grain or wool.    Therefore the defendant could not recover compensation for the loss which he incurred by his efforts to use said wood for the purpose of burning bricks.    And he cannot complain of the rulings of the court by which evidence tending to prove the loss incurred by such efforts was excluded.

The evidence of the defendant is that the plaintiff commenced delivering the wood at defendant's brick yard three or four months before there was any occasion for using it, and if it was not of the quality which plaintiff had agreed to deliver, it was optional with defendant to refuse to accept it, or to accept and use it; and in the latter event pay only its real value.    It is

not the case of one selling merchandise *inaccessible* to the examination of the buyer. (Civ. Code, § 1771.) Here the wood was delivered on defendant's premises, and accessible to his examination before he used it, or paid for it. In fact, it is not claimed that he has ever paid anything for it. Under such circumstances he cannot avoid the payment of its real value.

It is stated in the bill of exceptions that the "plaintiff introduced evidence in support of the allegations in his complaint, and the defendant introduced evidence denying the same." The exceptions to the rulings of the court on the defendant's attempts to introduce evidence in support of that part of the answer denominated a counter-claim, and the refusal of the court to give instructions based on the theory that the defendant was entitled to compensation for such loss as he might have suffered by his efforts in good faith to use said wood for the purpose of burning bricks, are the only ones which we have to consider. We think none of them are well taken.

Judgment and order affirmed.

THORNTON, J., and MYRICK, J., concurred.